# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT MICHAEL PETERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:23-cv-00684-SAB<br><br>ORDER GRANTING PETITIONERS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 30) |

Before the Court is a motion for attorney's fees brought by Petitioners Jonathan O. Peña and Dolly M. Trompeter, attorneys for Brett Michael Petersen[1] ("Plaintiff"). Petitioners requests fees in the amount of $22,427.00 pursuant to 42 U.S.C. § 406(b)(1). Petitioners also request they be directed to reimburse Plaintiff the Equal Access Justice Act ("EAJA") fee awarded in full, $8,119.33.

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioners' motion, in which he asserts he neither supports nor opposes Petitioners' request for attorney's fees, but observes that the Court should direct Petitioners to reimburse Plaintiff any fees they previously received under the EAJA. (ECF No. 33.)

---

[1] It appears that when the case was opened, the Clerk of the Court entered Plaintiff's last name as "Peterson" as a scrivener's error. (See ECF No. 1.) Because the caption has not been subsequently updated, the Court leaves it as is but will refer to Plaintiff in the order with the correct spelling of his surname, "Petersen."

1

## I.

## BACKGROUND

On October 1, 20202, and again on April 23, 2023, Plaintiff entered into a contingent fee agreement with the Jonathan O. Peña and Dolly M. Trompeter, attorneys at law.  (ECF No. 30-3.)  The agreements entitled Petitioners to an award of 25 percent of the past-due benefits awarded, including if judicial review of an administrative decision were required and the adverse decision of an ALJ were reversed.  (Id.)

On October 13, 2020, Plaintiff filed a complaint in this Court, before the Hon. Jennifer L. Thurston, then-United States Magistrate Judge, challenging the denial of social security benefits. Petersen v. Commissioner of Social Security, No. 1:20-cv-01459-JLT, ECF No. 1 (E.D. Cal. Oct. 13, 2020).  On July 20, 2021, the parties file a stipulation for voluntary remand pursuant to Sentence Four of 42 U.S.C. § 405(g).  Id. at ECF No. 16.  Judge Thurston approved the stipulation, ordered the matter be remanded back to the agency, and directed the Clerk of the Court to enter judgment.  Id. at ECF Nos. 17, 18.  On November 5, 2021, the parties stipulated to an award of attorney's fees in the amount of $919.33 under the EAJA, 28 U.S.C. § 2412, which Judge Thurston approved.  Id. at ECF Nos. 19, 20.

Following a subsequent final decision from the Commissioner, on May 4, 2023, Plaintiff filed a complaint before the undersigned challenging the denial of social security benefits.  (ECF No. 1.)  Following the lodging of the social security administrative record and briefing related to judicial review (ECF Nos. 11, 18, 22, 23), on July 7, 2024, the Court reversed and remanded the final decision of the Commissioner and directed the Clerk of the Court to enter judgment.  (ECF Nos. 24, 25.)  On October 4, 2024, the parties stipulated to an award of attorney's fees in the amount of $7,200.00 under the EAJA, 28 U.S.C. § 2412, which the Court approved.  (ECF No. 27, 29.)

Ultimately, on or around March 4, 2026, Plaintiff became a prevailing party.  (ECF No. 30-2.)  In the instant motion, Petitioners seek an award of attorney's fees in the amount of $22,427.00, pursuant to 42 U.S.C. § 406(b) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $8,119.33 (representing the total award from the

proceedings in 2021 and 2024).  (ECF No. 34.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09.  The attorney has the burden of demonstrating that the fees requested are reasonable.  Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  Gisbrecht, 535 U.S. at 800.  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  Id. at 796.  The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable.  In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

### A.       Attorney Fees Under 42 U.S.C. § 406(b)

The Court begins with Plaintiff's agreements to pay 25% of the past-due benefits awarded following both for representation in the federal courts and in receiving a favorable decision on his applications. (ECF No. 30-3.)  The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated.  Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).  The Social Security Administration notified Plaintiff that "[w]e usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.  We withheld $22,427.00 from your past due benefits in case we need to pay your representative." (ECF No. 30-2, p. 4.)  Petitioners now seek $22,427.00, which is precisely 25 percent.  (ECF No. 22.)  From a broad lens, the $22,427.00 fee is not excessively large in relation to the past-due award of $89,708.[2]

There is no indication that a reduction of fees is warranted for substandard performance. See Crawford, 586 F.3d at 1151.  Indeed, this action was initially so briefly in this Court before the parties stipulated to remand due apparently to the content of the administrative record. Thereafter, Plaintiff again came to the Court and secured a reverse and remand order on the merits of his brief.  Thus, by all accounts, Petitioners are experienced, competent attorneys who ultimately secured a successful result for Plaintiff.  Further, although this action has been going on since 2020, there is no indication that Petitioners were responsible for any delay in the court proceedings to suggest any undue accumulation of past-due benefits.  (See ECF No. 30-4.)

Gisbrecht also instructs that where "the benefits are large in comparison to the amount of time counsel spent on the case," a downward adjustment in the requested fee award may be "in order."  Gisbrecht, 535 U.S. at 808 (noting a district court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but *as an aid* to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing

---

[2] The Court extrapolated this sum by taking $22,427.00 as 25 percent of an unknown final award amount and thereafter used basic algebra.

the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (emphasis added).  The attorney has the burden of demonstrating that the fees requested are reasonable.  Id.; Crawford, 586 F.3d at 1148.

In support of the instant motion, Petitioners submit a log of the time spent prosecuting this action in district court.  (ECF No. 30-4.)  The log demonstrates that Petitioners spent 37 hours before the Court, for both cases.  (Id.)  The hours include reviewing documents and the record, preparing the standard complaint, correspondence, and preparing and filing the opening brief and reply.  (Id.)

Taking $22,427.00 as the award, Petitioners note that the hourly rate would be $606.14. In support of that this is an acceptable hourly rate under the circumstances, Petitioners have directed the Court to various cases.  For example, in Malta v. Commissioner, No. 1:10-cv-00415-CDB, 2024 WL 3618430 (E.D. Cal. Aug. 1, 2024), the court awarded attorney's fees in the hourly amount of $1,553.87.  Id. at *3.  Moreover, in Spina v. Kijakazi, No. 19-cv-05171-BLF, 2023 WL 3977666 (N.D. Cal. June 13, 2023), the court approved an hourly rate of $2,344.56. Id. at *1.  The Court finds these cases to be instructive and notes that in both Malta and Spina, the district courts were persuaded that even with seemingly large hourly rates, the total award was either at 25 percent or less with regard to the past-due benefits award.

Here, the Court again recognizes that the requested attorney's fees in the amount of $22,427.00 is precisely 25 percent of the past-due benefits awarded and finds it not excessive in relation to the past-due award.  The Court is cognizant that neither Plaintiff nor the Defendant oppose the award of fees as unreasonable.  Petitioners also assumed the risk of receiving no compensation. (ECF No. 34-3.)  The Court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to Petitioners.  Accordingly, the Court finds that the amount of fees counsel seeks under § 406(b) is reasonable.

**B.    EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same*

*work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee.'"  Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original), quoting Public Law No. 99-80, 99 Stat. 183 (1985).

Petitioners and Defendant request that the Court direct Petitioners to reimburse Plaintiff the entirety of fees they previously received under the EAJA.  (ECF Nos. 30, 33.)  The Court agrees and will order Petitioners to refund Plaintiff the entire amount of the EAJA fees previously awarded: $8,119.33.  See Gisbrecht, 535 U.S. at 796.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioners pursuant to Section 406(b) are reasonable.  The award of Section 406(b) fees must be offset by any and all prior awards of fees granted under the EAJA.  Accordingly, IT IS HEREBY ORDERED that:

1. Petitioners' motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $22,427.00 (ECF No. 30) is GRANTED;

2. The funds SHALL be paid to Petitioners out of the funds withheld by the Social Security Administration; and

3. Petitioners are ORDERED to refund $8,119.33 to Plaintiff Brett Michael Petersen as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **April 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge